# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

|  |  |  |
|---|---|---|
| **MEETRIX IP, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CASE NO. 1:20-cv-02022** |
| **v.** | § | |
| | § | |
| | § | **JURY TRIAL DEMANDED** |
| **ZOOM VIDEO** | § | |
| **COMMUNICATIONS, INC.,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## COMPLAINT FOR PATENT INFRINGEMENT

Meetrix IP, LLC ("Meetrix" or "Plaintiff"), by and through its attorneys, for its Complaint against Zoom Video Communications, Inc. ("Zoom" or "Defendant"), hereby alleges as follows:

### I.    NATURE OF THE ACTION

1.      This is a patent infringement action to end Defendant's unauthorized and infringing manufacture, use, sale, offering for sale, and/or importation of methods and products incorporating Plaintiff's patented inventions.

2.       Meetrix is owner of all right, title, and interest in and to United States Patent No. 8,339,997 (the "'997 Patent"), issued December 25, 2012, for "Media Based-Collaboration Using Mixed-Mode PSTN and Internet Networks." A true and correct copy of the '997 Patent is attached hereto as **Exhibit A**.

3.      Meetrix is owner of all right, title, and interest in and to United States Patent No. 9,094,525 (the "'525 Patent"), issued July 28, 2015, for "Audio-Video Multi-Participant Conference Systems Using PSTN and Internet Networks." A true and correct copy of the '525 Patent is attached hereto as **Exhibit B**.

4.      Meetrix is owner of all right, title, and interest in and to United States Patent No. 9,253,332 (the "'332 Patent"), issued February 2, 2016, for "Voice Conference Call Using PSTN and Internet Networks."  A true and correct copy of the '332 Patent is attached hereto as **Exhibit C**.

5.      Meetrix is owner of all right, title, and interest in and to United States Patent No. 9,843,612 (the "'612 Patent"), issued December 12, 2017, for "Voice Conference Call Using PSTN and Internet Networks."  A true and correct copy of the '612 Patent is attached hereto as **Exhibit D**.

6.      Defendant manufactures, provides, sells, offers for sale, imports, and/or distributes infringing products and services; and/or induces others to make and use its products and services in an infringing manner, including its customers, who also directly infringe the '332 Patent, the '525 Patent, the '612 Patent and the '997 Patent (together, the "Patents-in-Suit").

7.      Plaintiff Meetrix seeks monetary damages and prejudgment interest for Defendant's past infringement of the Patents-in-Suit.

## II.      THE PARTIES

8.      Plaintiff Meetrix IP, LLC is corporation organized and existing under the laws of the State of Texas.

9.      Upon information and belief, Defendant Zoom is a corporation organized under the laws of the State of Delaware, with a place of business located at 7601 Technology Way #3, Denver, Colorado 80237. Upon information and belief, Defendant Zoom is authorized to do business in Colorado.  Zoom may be served by serving its registered agent, Ben Volkman, at 7521 South Willow Circle, Centennial, Colorado 80012.

COMPLAINT FOR PATENT INFRINGEMENT

### III.    JURISDICTION AND VENUE

10.    This is an action for patent infringement which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§271, 281, 283, 284, and 285.  This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§1331 and 1338(a).

11.    This Court has personal jurisdiction over Defendant because it has committed acts giving rise to this action within Colorado and within this judicial district. The Court's exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice because Defendant has established minimum contacts with the forum.  For example, Defendant has committed acts of infringement in this District, by among other things, offering to sell and selling products and services that infringe the asserted patents, including the accused devices and services as alleged herein.

12.    Venue in the District of Colorado is proper pursuant to 28 U.S.C. §§ 139l (b), (c) and l400(b) because Defendant has committed acts within this judicial district giving rise to this action, and Defendant continues to conduct business in this judicial district, including one or more acts of selling, using, importing and/or offering for sale infringing products or providing service and support to Defendant's customers in this District.

### IV.    THE PATENTS-IN-SUIT

13.    The Patents-in-Suit disclose systems and methods of audio-video conferencing collaboration.  Generally, the '332 Patent discloses converging a public switched telephone network ("PSTN") communication with audio-video communications, as well as collaboration data, using a secure data network.  Generally, the '525 Patent discloses converging a PSTN communication with audio-video communications over a data network.  Generally, the '612 Patent discloses converging a PSTN communication with audio-video communications by dialing out to

COMPLAINT FOR PATENT INFRINGEMENT

the established PSTN connection using a secure data network.  Finally, the '997 Patent discloses the provisioning of multiple secured network communications using multicast technology with at least one PSTN communication.

14.     The Patents-in-Suit are directed to technological advancements in the area of telecommunications and network communications.  They overcome technical problems relating to the secure combination of disparate communication sources in a seamless and coordinated manner.

15.     Meetrix has obtained all substantial right and interest to the Patents-in-Suit, including the right to recover for all past and future infringements thereof.

## V.     DEFENDANT'S ACTS

16.     Defendant manufactures, provides, sells, offers for sale, and/or distributes infringing devices, including video conferencing products and services.  Such devices and services include, but are not limited to, Zoom Meeting, Zoom Room, Zoom Conference Room Connector and other substantially similar products and services.

17.     Based on information and belief, Defendant's infringing devices and services enable multi-participant audio/video conference calls over the Internet.  In simplest terms, Zoom Meeting, Zoom Room, and Zoom Conference Room Connector facilitate online meetings, allowing users to connect via disparate formats, including a phone or computer, to share collaboration data over a secured private connection over the Internet.

18.     Specifically, with respect to claim 1 of the '332 Patent, '525 Patent, and '612 Patent, Zoom Meeting and Zoom Rooms allow a participant (*e.g.* phone participant) to participate and connect to an online meeting over a PSTN connection (e.g. "land line," cell phone, *etc*.).  Such a participant can then talk with a second participant (*e.g.* moderator or host) who may be connected using a different form of audio (and/or video) communication, such as VoIP or web conferencing

COMPLAINT FOR PATENT INFRINGEMENT

communications.  It allows a third participant (*e.g.* remote user) to connect to the conference over a private secure data network connection using a data network for audio/video communications and to share collaboration data (*e.g.* electronic presentation, electronic documents, *etc.*) with the other participants.

19.     Zoom's accused products combine different forms of communication such that the remote user can communicate with the phone participant (using PSTN) as well as the moderator communicating over a secure data network connection.  Likewise, the system enables the phone participant to hear both the moderator and the remote audio communications by mixing the different audio signals.  In this regard, the accused products infringe at least claim 1 of the '332 Patent, '525 Patent and '612 Patent.

20.     Specifically, with regard to claim 1 of the '332 Patent, performance of all the steps are performed or attributable to Defendant, directly.  For example, as taught by claim 1 of the '332 Patent, Zoom Meeting and Zoom Rooms a) receive audio data from a PSTN network (*e.g.* when a participant dials in via phone), b) receive audio data from a moderator (*e.g.* VoIP call), c) receive audio, video and collaboration data from a remote client (*e.g.* web camera and screen sharing) via a VPN tunnel (as explained below), d) mix the first two audio data, e) transmit that mix to the remote user, f) mix the audio data from a moderator with that from the remote client, and g) transmit that mix to the PSTN participant.  Defendant highlights the features of its infringing

COMPLAINT FOR PATENT INFRINGEMENT

products:



## Zoom Client
The Zoom Client is an individual's primary method for accessing the Zoom cloud. While available for multiple operating systems (macOS, Windows, Linux, Android, iOS, Chrome OS) and in a range of context-aware applications (mobile, desktop, Zoom Rooms), its interaction pattern with the Zoom cloud remains the same across all configurations.

**Source:** Zoom Connection Process Whitepaper

COMPLAINT FOR PATENT INFRINGEMENT

## Join by telephone only

1. Dial an in-country number. If you dial a toll number, your carrier rates will apply. You can find the numbers on your meeting invitation or a full list of international dial-in numbers at https://zoom.us/zoomconference.

2. You will be prompted to enter the meeting ID - the nine (9) or ten (10) digit ID provided to you by the host, followed by #

3. If the meeting has not already started and Join before Host is not enabled, you will be prompted to enter the Host Key to start the meeting, or to press # to wait if you are participant.

4. You will be prompted to enter your unique participant ID. This only applies if you have joined on the computer or mobile device or are a panelist in a webinar. Press # to skip.

If you join by computer or mobile device later, you can enter the Participant ID to bind your phone and device session together and show your video when you speak on the phone. To enter your participant ID once you are in the meeting, enter **#Participant ID#** on your phone.

Source:  https://support.zoom.us/hc/en-us/articles/201362663-Join-by-Telephone



**Meeting Options: Audio Options — Join by Phone Tab**

When you click Audio Options you can access the following audio options by clicking either the **Join by Phone** or Computer Audio tabs.

When you click the **Join by Phone** tab, you can:

1. Select the flag drop-down to find your country.

2. Dial the number listed for your country.

3. Enter the meeting ID as seen on the screen when you receive the prompt on your phone.

4. Enter the participant ID as seen on the screen when you receive the prompt on your phone.

Note:  If you decided to **Join via telephone** after **Joining via computer**, please select **Audio Options** and **Leave Computer Audio**. Then enter #Participant ID#. Otherwise you may hear audio feedback or echo in the meeting.

5. If you have a Zoom Pro account, there will be a third tab for the **Call Me** feature, see Meeting Options: Audio Options — Call Me.

Source:  User Manual – Getting Started on PC or MAC (ver 6) at p. 25

COMPLAINT FOR PATENT INFRINGEMENT



**Source:** https://support.zoom.us/hc/en-us/articles/201362153-How-Do-I-Share-My-Screen-

**Zoom Rooms**

Zoom Rooms combines video conferencing, wireless content sharing, and integrated audio into one easy to use platform designed to work with Mac and iPad devices. Communications are established over secured network using 256-bits TLS encryption standard and all shared contents are encrypted using AES256 encryption standard.

**Source**:  Zoom Security White Paper (July 2016)

## Infrastructure

The Zoom Cloud is a proprietary global network that has been built from the ground up to provide quality communication experiences. Zoom operates in a scalable hybrid mode; web services are hosted in the cloud and real time media is hosted out of tier-1 data centers.

**Source**:  Zoom Security White Paper (July 2016)

COMPLAINT FOR PATENT INFRINGEMENT

**Zoom HTTP Tunnel (HT)**
The Zoom HTTP Tunnel service is an integral part of Zoom's network resiliency strategy. Housed in various public clouds and Zoom data centers, these servers offer a connection point to clients who are unable to connect to the Zoom platform through other network channels. Once a tunnel is established between the Zoom Client and Zoom HTTP Tunnel, the client is able to access the Zoom Meeting Zone across the various data centers.

**Source**:  Zoom Connection Process Whitepaper

**Zoom Multimedia Router (MMR)**
A Zoom Multimedia Router is responsible for hosting Zoom meetings and webinars. As the name implies, these servers ensure that the rich offering of voice, video, and content are properly distributed between all participants in a given session.

**Source**:  Zoom Connection Process Whitepaper

**MMR Selection**
With the ideal Zoom Meeting Zone selection from the previous phase, the client then requests details of the best Zoom Multimedia Router (MMR) from the Zoom Zone Controller. Once identified, the Zoom Client reaches out to the MMR directly to establish a control channel for the session. This connection leverages a protocol developed by Zoom which communicates via SSL on port 443.

**Media Routing**
With a successful connection to the optimum Zoom Multimedia Router for the session, the Zoom Client prioritizes creating a connection for each type of media that will be exchanged such as video, audio, and content. Each of these media connections attempt to use Zoom's own protocol and connect via UDP on port 8801. If that connection can not be established, Zoom will also try connecting using TCP on port 8801, followed by SSL (port 443). By leveraging different connections for each type of media, further network optimization technology can be applied such as DSCP marking to ensure the most important media is expedited through the network.

**Source**:  Zoom Connection Process Whitepaper

21.      Moreover, because Zoom Meeting and Zoom Rooms can initiate a dial-out process to establish a connection with a PSTN client, they further infringe claim 1 of the '612 Patent.

22.      Additionally, Zoom Meeting and Zoom Rooms allow several online participants to connect to a conference by sending a message (e.g. invitation) to a group of multicast appliances (*e.g*. remote computers).  Each participant is connected to the online conference using a private

COMPLAINT FOR PATENT INFRINGEMENT

9

secure connection.  The system is able to facilitate a telephonic participant who dials in, provides a conference ID and is then authenticated.  Once authenticated, the telephonic participant is able to communicate with the other online participants who are connected over a data network.  In this regard, Zoom Meeting and Zoom Rooms infringe at least claim 1 of the '997 Patent.

23.     Based on information and belief, Defendant Zoom has had knowledge of the Patents-in-Suit at least as early as the service of this Complaint.

24.     With knowledge of the Patents-in-Suit, Defendant intentionally provides services and instructions for the installation and infringing operation of infringing products and services (including, by way of example, the resources and materials available as cited in source information *supra* to the customers of its products), who directly infringe through the operation of those products and services.

25.     Through its actions, Defendant has infringed the Patents-in-Suit and actively promoted others to infringe the Patents-in-Suit throughout the United States, including by customers within the District of Colorado.  On information and belief, Defendant induces its customers to infringe and contributes to the infringement of its customers by instructing or specifying that its customers operate Zoom Meeting and Zoom Rooms and other similar infringing products and services, in a manner as described above.  Defendant specifies that the infringing products operate in an infringing manner by providing manuals and customer support related to its infringing products.

26.     Defendant, with knowledge of the Patents-in-Suit, contribute to the infringement of the Patents-in-Suit, by having its direct and indirect customers sell, offer for sale, use, or import Zoom Meeting and Zoom Rooms, as well as all other substantially similar products and services, with knowledge that such products and services infringe the Patents-in-Suit.  On information and

COMPLAINT FOR PATENT INFRINGEMENT

belief, Defendant's accused devices and services are especially made or adapted for infringing the Patents-in-Suit and have no substantially non-infringing uses. For example, Defendant's products and services contain the functionality to specifically allow a participant to connect to an online conference using a PSTN and communicate with other participants with data connections over a secured connection– functionality which is material to practicing the Patents-in-Suit. Based on information and belief, this functionality has no substantially non-infringing uses.

27.     Meetrix has been and will continue to suffer damages as a result of Defendant's infringing acts.

## COUNT ONE
## PATENT INFRINGEMENT—U.S. PATENT NO. 8,339,997

28.     Plaintiff Meetrix realleges and incorporates herein paragraphs 1-27.

29.     Defendant, without authorization or license from Meetrix, has been and is presently directly infringing the '997 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using (including for testing purposes), selling and offering for sale methods and articles infringing one or more claims of the '997 Patent. Defendant is thus liable for direct infringement of the '997 Patent pursuant to 35 U.S.C. § 271(a). Exemplary infringing products include Zoom Meeting and Zoom Rooms.

30.     On information and belief, at least since its receipt of notice and/or the filing of the Original Complaint, Defendant, without authorization or license from Meetrix, has been and is presently indirectly infringing at least claim 1 of the '997 Patent, including actively inducing infringement of the '997 Patent under 35 U.S.C. § 271(b). Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing consumers to use infringing articles and methods that Defendant knows or should know infringe one or more claims of the '997 Patent. Defendant instructs its customers to make and use the patented

COMPLAINT FOR PATENT INFRINGEMENT

inventions of the '997 Patent by operating its products in accordance with its instructions and specifications. Defendant specifically intends its customers to infringe by implementing its conference systems to provide provisioning of multiple secured network communications using multicast technology with at least one PSTN communication, as set forth above.

31.     Upon information and belief, Defendant has jointly infringed the '997 Patent, including by controlling and/or directing others to perform one or more of the claimed method steps. More specifically, as alleged above, all steps of the claimed method are performed and: (1) Defendant exercises the requisite direction or control over its initiators' and participants' performance; and (2) the initiators and participants in Defendant's conferences form a joint enterprise such that performance of every step is attributable to Defendant.

32.     On information and belief, at least since its receipt of notice and/or the filing of the Original Complaint, Defendant, without authorization or license from Meetrix, has been and is presently indirectly infringing at least claim 1 of the '997 Patent, including contributorily infringing the '997 Patent under 35 U.S.C. § 271(c). Contributory infringement includes without limitation, Defendant's offer to sell, a component of a product or apparatus for use in a process, that is material to practicing the invention, has no substantial non-infringing uses, and which Defendant is aware or knows to be especially made or especially adapted for use in infringement. Defendant instructs its customers to make and use the patented inventions of the '997 Patent by operating its products in accordance with its instructions and specifications. Defendant specifically intends its customers to infringe by implementing its conference systems to provide provisioning of multiple secured network communications using multicast technology with at least one PSTN communication, as set forth above.

33.     Defendant's aforementioned acts have caused damage to Meetrix and will continue

COMPLAINT FOR PATENT INFRINGEMENT

to do so.

## COUNT TWO
## PATENT INFRINGEMENT—U.S. PATENT NO.  9,094,525

34.     Plaintiff Meetrix realleges and incorporates herein paragraphs 1-33.

35.     Defendant, without authorization or license from Meetrix, has been and is presently directly infringing the '525 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using (including for testing purposes), selling and offering for sale methods and articles infringing one or more claims of the '525 Patent.  Defendant is thus liable for direct infringement of the '525 Patent pursuant to 35 U.S.C. § 271(a).  Exemplary infringing products include Zoom Meeting and Zoom Rooms.

36.     On information and belief, at least since its receipt of notice and/or the filing of the Original Complaint, Defendant, without authorization or license from Meetrix, has been and is presently indirectly infringing at least claim 1 of the '525 Patent, including actively inducing infringement of the '525 Patent under 35 U.S.C. § 271(b).  Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing consumers to use infringing articles and methods that Defendant knows or should know infringe one or more claims of the '525 Patent.  Defendant instructs its customers to make and use the patented inventions of the '525 Patent by operating its products in accordance with its instructions and specifications.  Defendant specifically intends its customers to infringe by implementing its conference systems to provide a converged public switched telephone network and audio-video communications over a data network, as set forth above.

37.     Upon information and belief, Defendant has jointly infringed the '525 Patent, including by controlling and/or directing others to perform one or more of the claimed method steps.  More specifically, as alleged above, all steps of the claimed method are performed and: (1)

COMPLAINT FOR PATENT INFRINGEMENT

Defendant exercises the requisite direction or control over its initiators' and participants' performance; and (2) the initiators and participants in Defendant's conferences form a joint enterprise such that performance of every step is attributable to Defendant.

38.     On information and belief, at least since its receipt of notice and/or the filing of the Original Complaint, Defendant, without authorization or license from Meetrix, has been and is presently indirectly infringing at least claim 1 of the '525 Patent, including contributorily infringing the '525 Patent under 35 U.S.C. § 271(c).  Contributory infringement includes without limitation, Defendant's offer to sell a component of a product or apparatus for use in a process, that is material to practicing the invention, has no substantial non-infringing uses, and which Defendant is aware or knows to be especially made or especially adapted for use in infringement. Defendant instructs its customers to make and use the patented inventions of the '525 Patent by operating its products in accordance with its instructions and specifications. Defendant specifically intends its customers to infringe by implementing its conference systems to provide converging a PSTN communication with audio-video communications, as well as collaboration data using a secure data network, as set forth above.

39.     Defendant's aforementioned acts have caused damage to Meetrix and will continue to do so.

## COUNT THREE
## PATENT INFRINGEMENT—U.S. PATENT NO.  9,253,332

40.     Plaintiff Meetrix realleges and incorporates herein paragraphs 1–39.

41.     Defendant, without authorization or license from Meetrix, has been and is presently directly infringing the '332 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using (including for testing purposes), selling and offering for sale methods and articles infringing one or more claims of the '332 Patent.  Defendant is thus liable for direct

COMPLAINT FOR PATENT INFRINGEMENT

infringement of the '332 Patent pursuant to 35 U.S.C. § 271(a).  Exemplary infringing products include Zoom Meeting and Zoom Rooms.

42.     On information and belief, at least since its receipt of actual and constructive notice and/or the filing of the Original Complaint, Defendant, without authorization or license from Meetrix, has been and is presently indirectly infringing at least claim 1 of the '332 Patent, including actively inducing infringement of the '332 Patent under 35 U.S.C. § 271(b).  Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing consumers to use infringing articles and methods that Defendant knows or should know infringe one or more claims of the '332 Patent.  Defendant instructs its customers to make and use the patented inventions of the '332 Patent by operating its products and services in accordance with its instructions and specifications.  Defendant specifically intends its customers to infringe by implementing its conference systems to provide converging a PSTN communication with audio-video communications, as well as collaboration data using a secure data network, as set forth above.

43.     Upon information and belief, Defendant has jointly infringed the '332 Patent, including by controlling and/or directing others to perform one or more of the claimed method steps.  More specifically, as alleged above, all steps of the claimed method are performed and: (1) Defendant exercises the requisite direction or control over its initiators' and participants' performance; and (2) the initiators and participants in Defendant's conferences form a joint enterprise such that performance of every step is attributable to Defendant.

44.     On information and belief, at least since its receipt of notice and/or the filing of the Original Complaint, Defendant, without authorization or license from Meetrix, has been and is presently indirectly infringing at least claim 1 of the '332 Patent, including contributorily

COMPLAINT FOR PATENT INFRINGEMENT

infringing the '332 Patent under 35 U.S.C. § 271(c).  Contributory infringement includes without limitation, Defendant's offer to sell a component of a product or apparatus for use in a process, that is material to practicing the invention, has no substantial non-infringing uses, and by which Defendant is aware or knows to be especially made or especially adapted for use in infringement. Defendant instructs its customers to make and use the patented inventions of the '332 Patent by operating its products in accordance with its instructions and specifications. Defendant specifically intends its customers to infringe by implementing its conference systems to provide converging a PSTN communication with audio-video communications, as well as collaboration data using a secure data network, as set forth above.

45.     Defendant's aforementioned acts have caused damage to Meetrix and will continue to do so.

<u>COUNT FOUR</u><br><u>PATENT INFRINGEMENT—U.S. PATENT NO.  9,843,612</u>

46.     Plaintiff Meetrix realleges and incorporates herein paragraphs 1-45.

47.     Defendant, without authorization or license from Meetrix, has been and is presently directly infringing the '612 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using (including for testing purposes), selling and offering for sale methods and articles infringing one or more claims of the '612 Patent.  Defendant is thus liable for direct infringement of the '612 Patent pursuant to 35 U.S.C. § 271(a).  Exemplary infringing products include Zoom Meeting and Zoom Rooms.

48.     On information and belief, at least since its receipt of notice and/or the filing of the Original Complaint, Defendant, without authorization or license from Meetrix, has been and is presently indirectly infringing at least claim 1 of the '612 Patent, including actively inducing infringement of the '612 Patent under 35 U.S.C. § 271(b).  Such inducements include without

COMPLAINT FOR PATENT INFRINGEMENT

limitation, with specific intent to encourage the infringement, knowingly inducing consumers to use infringing articles and methods that Defendant knows or should know infringe one or more claims of the '612 Patent. Defendant instructs its customers to make and use the patented inventions of the '612 Patent by operating its products in accordance with its instructions and specifications. Defendant specifically intends its customers to infringe by implementing its conference systems to provide converged PSTN communications with audio-video communications by dialing out to establish the PSTN connection using a secure data network, as set forth above.

49.     Upon information and belief, Defendant has jointly infringed the '612 Patent, including by controlling and/or directing others to perform one or more of the claimed method steps. More specifically, as alleged above, all steps of the claimed method are performed and: (1) Defendant exercises the requisite direction or control over its initiators' and participants' performance; and (2) the initiators and participants in Defendant's conferences form a joint enterprise such that performance of every step is attributable to Defendant.

50.     On information and belief, at least since its receipt of notice and/or the filing of the Original Complaint, Defendant, without authorization or license from Meetrix, has been and is presently indirectly infringing at least claim 1 of the '612 Patent, including contributorily infringing the '612 Patent under 35 U.S.C. § 271(c). Contributory infringement includes without limitation, Defendant's offer to sell, a component of a product, or apparatus for use in a process, that is material to practicing the invention, has no substantial non-infringing uses, by which Defendant is aware or knows to be especially made or especially adapted for use in an infringement of such. Defendant instructs its customers to make and use the patented inventions of the '612 Patent by operating its products in accordance with its instructions and specifications. Defendant

specifically intends its customers to infringe by its conference systems to provide converged PSTN communications with audio-video communications by dialing out to establish the PSTN connection using a secure data network, as set forth above.

51.     Defendant's aforementioned acts have caused damage to Meetrix and will continue to do so.

## VI.     JURY DEMAND

52.     Plaintiff Meetrix hereby demands a jury on all issues so triable.

## VII.     REQUEST FOR RELIEF

WHEREFORE, Plaintiff Meetrix respectfully requests that the Court:

A.     Enter judgment that Defendant infringes one or more claims of the Patents-in-Suit literally and/or under the doctrine of equivalents;

B.     Award Plaintiff Meetrix past and future damages together with prejudgment and post-judgment interest to compensate for the infringement by Defendant of Patents-in-Suit in accordance with 35 U.S.C. §284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. §284;

C.     Declare this case exceptional pursuant to 35 U.S.C. §285; and

D.     Award Plaintiff Meetrix its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.

COMPLAINT FOR PATENT INFRINGEMENT

Dated:  July 10, 2020                Respectfully submitted,


By: /s/ *Andrew G. DiNovo*
Andrew G. DiNovo
Texas State Bar No. 00790594
adinovo@dinovoprice.com
**DiNovo Price LLP**
7000 N. MoPac Expressway, Suite 350
Austin, Texas 78731
Telephone: (512) 539-2631
Facsimile:  (512) 539-2627

John D. Saba, Jr.
Texas State Bar No. 24037415
john@wittliffcutter.com
Witttliff Cutter PLLC
1209 Nueces
Austin, Texas 78701
Telephone: (512) 960-4388
Facsimile: (512) 960-4869

COMPLAINT FOR PATENT INFRINGEMENT